## SUPREME COURT.

EDWARD BRAND agt. PHŒBE HAMMOND and RICHARD HAMMOND.

*Answer — Complaint upon promissory note made by defendants jointly — Answer by wife that at time of its execution she was a married woman and the note was given for the indebtedness of a third party is frivolous.*

When the complaint was upon a promissory note made by the defendants jointly, and the defendant P. H. answering alleged simply that at the time of its execution she was a married woman, and that the note was given for the indebtedness of a third party, one H. S. Hammond :

*Held,* that the answer was frivolous. It is not a sufficient allegation of coverture to defeat the action.

The answer in order to present a defense should have set forth that the defendant was a married woman, and further that the note was not given in the course of her sepaiate business or for the benefit of her separate estates.

*Greene Special Term, June,* 1883

MOTION to strike out answer as frivolous.

*James B. Olney,* for motion.

*B. B. Bouton,* opposed.

OSBORN, *J.* — I think the answer interposed by the defendant herein is frivolous.

The complaint is upon a promissory note made by the defendants jointly. The defendant Phœbe Hammond answering, alleges simply that at the time of its execution she was a married woman, and that the note·was given for the indebtedness of a third party, one H. S. Hammond.

I do not regard this statement as a sufficient allegation of coverture to defeat an action on a note under our present statute. The tendency of legislation of late years has been towards removing the incapacity of a married woman in all matters of business and contract. Her right to conduct all

Brand agt. Hammond.

kinds of business is recognized, and a note given in the course of her separate business or for the benefit of her separate estate is as valid by statute as though she were a *feme sole.* If the fact be that she is conducting a business or has a separate estate, and that a note was given in the course of that business or for the benefit of the estate, it would be no defense to allege that when the note was given she was a married woman. Nor is it necessary to allege in the complaint that she has a separate estate or conducts a separate business. Coverture is an affirmative defense, and all matters necessary to sustain it must be pleaded. A married woman may in many instances be liable on her note. Coverture is only a defense where the note was given outside of her separate business or for purposes which did not or were not intended to contribute to the benefit of her separate estate. When she interposes coverture as a defense she must show that the case is one in which a married woman's contract would not be enforced. For a married woman can make contracts which will bind her (*Cashman* agt. *Henry*, 75 *N. Y.*, 103 ; *Crisfield* agt. *Banks*, 12 *Week. Dig.*, 150).

This answer in order to present a defense should have set forth that the defendant was a married woman, and, further, that the note was not given in the course of her separate business or for the benefit of her separate estate.

I think, therefore, this motion should be granted, with costs.